34 C.C.P.A. (Patents)

VICK CHEMICAL CO. v. NUTREX CO., Inc.

Patent Appeal No. 5256.

Court of Customs and Patent Appeals.

Feb. 11, 1947.

James F. Hoge and L. B. Stoughton, both of New York City, and E. F. Wenderoth, of Washington, D. C., for appellant.

W. Cameron Burton and Thomas L. Mead, Jr., both of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

Appellee, Nutrex Co., Inc., filed application in the United States Patent Office for the registration of its trade-mark "Nutrex" as applied to "a preparation containing vitamin B complex as found concentrated in brewer's yeast extract."

Appellant, Vick Chemical Company, filed opposition to the registration, based upon its ownership of its registered mark "Neutrox" as applied to "dentrifice and mouth wash."

The Acting Examiner of Interferences held that the marks were confusingly similar, pointing out that the only difference was the substitution of the letter "e" for the letter "o" in the last syllable of the marks. He also held that the goods were of the same descriptive properties and that confusion would be likely to result from the concurrent use of the marks on the respective goods. He sustained the opposition and held that the applicant was not entitled to the registration sought.

Upon appeal to the Commissioner of Patents, he, through First Assistant Commissioner Leslie Frazer, reversed the decision of the examiner and held that while the marks were quite similar both in appearance and in sound he regarded the goods as possessing such different essential characteristics and being used for such "widely unrelated purposes" that he did not believe confusion could result from their concurrent use on the respective goods and that the goods were not of the same descriptive properties. The opposition, therefore, was dismissed. From the decision of the commissioner (65 U.S.P.Q. 521) appellant has here appealed.

In the case of McKesson & Robbins, Incorporated v. First Texas Chemical Manufacturing Co., C.C.P.A., Patents, 159 F. 2d 770, decided concurrently herewith, we have discussed at some length the question of the likelihood of confusion arising from identical or similar trade-marks when used upon medicinals and pharmaceuticals which are ordinarily sold in drug stores, and it

will be unnecessary for us to unduly extend this opinion by reiterating here what we have said there.

We are of the opinion that the examiner was right in his conclusion.

The record shows that while the opposer's dentrifice and mouth wash "may be used as a regular routine daily dentrifice" it has a therapeutic value in that it contains sodium perborate and is recommended as being curative of spirochete infection, which is Vincent's disease or "trench mouth."

As in the McKesson & Robbins case, supra, to which we have referred, we are of the opinion that confusion would be likely to result from the concurrent use of the two marks upon the respective goods. It is well known that producers of merchandise of the character here involved frequently produce many different kinds of articles and sell them under a single trademark. The goods are of such character that purchasers ordinarily would give little consideration to their origin. The goods here involved are purchased by the same class of customers and are sold from the same shelves and over the same counters.

We think the opposition should have been sustained. The decision of the commissioner is reversed.

Reversed.